IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID ELIJAH BOWERS, JR.,

                 Petitioner,

     v.

Warden WILLIAM POLLARD,
Security Director PETER ERICKSEN,
Correctional Officer L.T. MARK LESATZ,
Correctional Officer TRAVIS S. CAUL,
District Attorney JOHN P. ZAKOWSKI,
Public Official DONALD ZULDMULDER,
State Agent NINUKA CANADY,
State Supervisor SARAH WATSON,
Assist. Attorney General FRANCIS X. SULLIVAN,
Public Official PAUL R. VAN GRUNSVEN,
Public Official MARK J. MCGINNIS,
Warden MICHAEL THURMER,
Security Director DON STRAHOTA and
Deputy Warden MICHAEL MEISNER,

                 Respondents.

                       ORDER

                       09-cv-52-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On February 5, 2009, this court assessed petitioner a $1.72 initial partial payment of the $350 filing fee and gave him until February 26, 2009, in which to make his payment. In response to the February 5 order, petitioner twice submitted identical documents titled,

1

"Memorandum of Forma Pauperis," which I construe to include motions for waiver of the fee under 28 U.S.C. § 1915(b)(4).  The motions must be denied because petitioner's trust fund account statement reveals that he does not qualify for waiver of the fee pursuant to § 1915(b)(4).

Under § 1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee."  Petitioner may think that he falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise.  Petitioner's immediate shortage of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to § 1915(b)(4).  In Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997), the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files.  If that were so, then a prisoner could squander his trust account and avoid the fee.  Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee.  A prisoner with periodic income has "means" even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward.  In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it.  Rather, the court must look at the prisoner's income from the previous six months.  28 U.S.C. § 1915(a)(2).

2

Petitioner's six-month trust fund account statement shows that he received regular monthly deposits to his inmate account from his employment at the prison. Although the statement shows also that these funds were immediately withdrawn to pay for federal and state court filing fees, under the law established in <u>Newlin</u>, it would appear that funds exist in his account.

The issue that remains is whether this court can expect to receive petitioner's initial partial payment from the next deposit to his account. The Seventh Circuit has not definitively ruled on the question whether jails and prisons may ignore a petitioner's obligations under the Prison Litigation Reform Act in favor of making payments on debts a prisoner owes to the county, the state or even his victims under a restitution program. In <u>Newlin</u>, 123 F.3d at 435-36, the court of appeals suggested in dicta that prison officials are required by statute to give priority to federal court filing fees: "[initial partial payment] should have been immediate, and its collection should have come off the top of the next deposit of prison wages".

Although petitioner asserts that he is being prevented from paying the assessed amount because there is a "freeze" on his account, there is no reason for me to believe that he will be unable to pay the initial partial payment in this case from the next deposit to his account. Petitioner has not submitted proof that he showed prison officials this court's February 5 order or that he sent a disbursement request to the prison business office and

that his request was denied.  Petitioner should show a copy of this order to prison officials to insure that they are aware they should send his initial partial payment to this court.  If he does so and his request for disbursement is denied, petitioner would be free to write to the court and submit proof that his request was denied.  In that event, the court could then consider asking the warden of the Waupun Correctional Institution to look into the matter and respond, in writing, indicating the status of petitioner's request for withdrawal of the initial partial payment in this case.  Now that petitioner should better understand how he should proceed, I will give him an enlargement of time to March 19, 2009, in which to submit his initial partial payment.


ORDER

IT IS ORDERED that petitioner's motions for waiver of the $1.72 initial partial payment of the $350 filing fee, dkts. ##9, 10, are DENIED.

Further, IT IS ORDERED that petitioner may have an enlargement of time to March 19, 2009, in which to submit a check or money order payable to the clerk of court in the amount

of \$1.72.

Entered this 4th day of March, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

5